**MERV E. HILPIPRE AUCTION COMPANY, Appellee,**

v.

**REPUBLIC ACCEPTANCE CORPORATION, Appellant,**

**Muscatine County, Iowa, Appellee.**

**No. 93–1545.**

Supreme Court of Iowa.

Jan. 18, 1995.

John H. Terpstra and Mark A. Otto of Brierly Law Office, Newton, for appellant.

Linda L. Allison and Bryan L. Sylvester of Allbee, Allison & Denning, Muscatine, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and ANDREASEN, JJ.

CARTER, Justice.

A secured creditor who auctioned machinery and equipment that was subject to Muscatine County's real property tax lien challenges the district court's ruling granting the County a first lien on the proceeds of the sale. The action is in the nature of a bill of interpleader filed by the auction company, Merv E. Hilpipre Auction Co. The active contestants in this litigation are the secured creditor, Republic Acceptance Corporation (Republic), and Muscatine County. After reviewing the record and considering the arguments of the parties, we affirm the judgment of the district court.

The appellant, Republic, caused certain machinery and equipment to be sold at auc-

tion pursuant to its rights as a secured creditor in that collateral. In auctioning the property that was subject to the County's lien, Republic generated proceeds of over $340,000 for property against which tax liens of more than $700,000 existed. Republic was aware of the extent of the County's tax lien prior to the time the auction was conducted. At no time were the buyers made aware that they were purchasing the property subject to the County's lien.

Although Republic does not dispute that unpaid real estate taxes on the machinery and equipment that it sold were a prior lien on its collateral, it disputes that lien may now be transferred to the proceeds of the sale. It argues that the exclusive statutory remedy for the collection of real estate taxes is through an annual tax sale conducted in accordance with Iowa Code section 446.7 (1993). Although notices of a tax sale for the unpaid taxes in question were publicized in the *Muscatine Journal* in 1983, 1984, 1985, 1990, 1991, and 1992, no sale was held and no tax certificates were issued to Muscatine County. Republic argues that the County may not now seek an alternative method for enforcing its lien.

In rejecting Republic's contention, the district court relied on our decision in *Merv E. Hilpipre Auction Co. v. Solon State Bank,* 343 N.W.2d 452 (Iowa 1984), in which we did approve the satisfaction of a real property tax lien from the proceeds of the sale of the property that was sold at auction. Republic argues that the decision in the case involving Solon State Bank is distinguishable because the sale in that transaction warranted good title in the seller. It notes that, at its insistence, the auction company provided no such warranty as to the machinery and equipment sold in connection with the present dispute. We are unable to accept this argument as a basis for overturning the decision of the district court.

The fact that title was expressly warranted in the case involving the Solon State Bank does not provide a basis of legal distinction sufficient to render that decision inapplicable as to the present dispute. The warranties of title given in that case were, at best, hold-harmless agreements. Neither the seller of the property nor the auction company had authority to waive the County's tax lien. Thus the buyers in the Solon State Bank case took the property purchased at auction subject to the existing tax lien in the same manner as the buyers in the present case. All of the reasons for satisfying the lien from the proceeds of the sale in that case are present in the dispute now before the court.

We are not without policy reasons for reaching this result. By causing persons interested in this equipment to part with substantial sums for equipment encumbered far beyond its value, Republic has reduced the pool of willing buyers should the County now elect to conduct a statutory tax sale. Those buyers are not going to pay twice for the same equipment. Republic caused this to happen by exercising dominion over property in which the County held the entire de facto economic interest. Such an action comes very close to being a technical conversion. *See Sandhorst v. Mauk's Transfer, Inc.,* 252 N.W.2d 393, 398 (Iowa 1977) (act of dominion exerted that is inconsistent with or in the derogation or defiance of title or rights may be technical conversion). Rather than determining the existence of any personal liability that Republic may have incurred from these actions, it is more equitable to simply enforce the lien *pro tanto* against the proceeds of the auction. That approach is also more equitable when viewed from the standpoint of the buyers at the sale. In transferring the lien of the tax to the proceeds of the sale, we are according the buyers credit against the obligations of the true owner of the economic interest in the equipment.

We have considered all arguments presented and conclude that the judgment of the district court was correct and should be affirmed.

**AFFIRMED.**